UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN'S GENERAL CONSTRUCTION, LLC, a Washington limited liability company; ROBERT B. JOHNSON, a single individual,<br><br>Defendants. | No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff SECURITY NATIONAL INSURANCE COMPANY ("SNIC"), and for its Complaint for Declaratory Judgment against Defendants MARTIN'S GENERAL CONSTRUCTION, LLC ("Martin's") and ROBERT B. JOHNSON ("Johnson"), alleges as follows:

**I. NATURE OF THE ACTION**

1.1     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  SNIC seeks a determination that it has no duty to defend or indemnify Martin's under the Subject Policy identified herein with respect to claims that Johnson asserted against it in a civil action filed in King County Superior Court on July 7,

2019, and currently pending under Cause No. 19-2-18930-4 SEA (the "Underlying Lawsuit").  The Underlying Lawsuit alleges Johnson suffered injuries while working on the construction site for a multi-dwelling development known as the Nesbit Avenue Apartment Project (the "Project") located at 8558 Nesbit Ave. N., Seattle, WA.  A copy of the Complaint in the Underlying Lawsuit is attached as **Exhibit A**.  A copy of the Subject Policy is attached as **Exhibit B**.

## II. THE PARTIES

2.1     SNIC is a Delaware corporation with a principal place of business located at 12790 Merit Dr., Ste. 200, Dallas, TX 75251.  At all times relevant, SNIC was in the business of providing insurance and was and is licensed to issue policies of insurance in the State of Washington.

2.2     On information and belief, Martin's is a Washington limited liability company with a principal place of business in Kent, Washington. On information and belief, Martin's was a subcontractor to general contractor Stratford Construction Company, LLC ("Stratford") on the Project.

2.3     On information and belief, Robert B. Johnson is a single individual residing in King County, Washington.

## III. JURISDICTION, VENUE, AND CHOICE OF LAW

3.1     There is complete diversity between the parties and the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) and 28 U.S.C. §2201 (Declaratory Judgment).  This matter concerns disputed defense and indemnity obligations under an insurance policy in connection with the Underlying Lawsuit.  Defendants Martin's and Johnson are parties to the Underlying Lawsuit.  Martin's seeks defense and indemnity from SNIC for claims asserted by Johnson.  This dispute is ripe for adjudication and the value of this contractual dispute exceeds $75,000, exclusive of costs and interest.

3.2     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(3), because Johnson's alleged injuries at the Project, which gave rise to the Underlying Lawsuit, occurred in King County, Washington.  Accordingly, assignment in the Seattle Division of the Western District of Washington is proper pursuant to LCR 3(e)(1).

3.3     The Subject Policy was issued in Washington to a Washington insured, Martin's.  The Subject Policy contains endorsements to conform the policy to Washington law.  Washington law governs the insurance coverage dispute in the above-captioned lawsuit.

## IV. FACTS

**1.     The Underlying Lawsuit**

4.1     The Underlying Lawsuit is pending in King County Superior Court, captioned *Robert B. Johnson v. Stratford Construction Company, LLC et al*, under Cause No. 19-2-18930-4 SEA.

4.2     In the Underlying Lawsuit, Johnson alleges that he was employed by a plumbing subcontractor on the Project.

4.3     In the Underlying Lawsuit, Johnson alleges that on or about August 21, 2018, he was working on the second story of the four-story Project when he put his hand on a temporary guard rail.  The guard rail gave way causing Johnson to fall two stories to the courtyard below landing on his face, head, shoulder, and elbow.

4.4     In the Underlying Lawsuit, Johnson alleges that as a direct and proximate result of the fall, he suffered and continues to suffer from personal injuries and associated losses, including general and special damages.

4.5     In the Underlying Lawsuit, Johnson alleges that the subject guard rail was installed by Martin's.

4.6     In the Underlying Lawsuit, Johnson alleges that Martin's was a subcontractor to Stratford on the Project and was involved with and/or responsible for the installation, removal, and/or replacement of the subject guard rail.

4.7  In the Underlying Lawsuit, Johnson asserts a claim for negligence against Martin's.

**2.  The SNIC Policy**

4.8  SNIC issued a commercial general liability insurance policy to Martin's under policy no. NA155409800 with effective policy period July 9, 2018, to July 9, 2019 (the "Subject Policy").  Subject to all terms, conditions, exclusions, and limitations, the Subject Policy provides commercial general liability coverage subject to a limit of $1,000,000 per occurrence, a $2,000,000 general aggregate limit, and a $2,000,000 products-completed operations aggregate limit.

4.9  By endorsement (No. CG 21 34 NR 01 87), the Subject Policy contains an exclusion for certain "Designated Work," which precludes coverage for "bodily injury" as set forth, in part, below:

> THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.
>
> **EXCLUSION – DESIGNATED WORK**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> **Description of your work:**
>
> - New construction of a dwelling and work within, or on, the premises of a dwelling prior to the certificate of occupancy of the owner, regardless of whether the dwelling is a custom home or the dwelling is built as part of a tract or a multi-dwelling development;
>
> \*     \*     \*

> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

4.10    By endorsement (No. CG 21 53 NR 01 96), the Subject Policy contains an exclusion for certain "Designated Ongoing Operations," which precludes coverage for "bodily injury" as set forth, in part, below:

> THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.
>
> **EXCLUSION – DESIGNATED ONGOING OPERATIONS**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> **Description of Designated Ongoing Operation(s):**
>
> - New construction of a dwelling and work within, or on, the premises of a dwelling prior to the certificate of occupancy of the owner, regardless of whether the dwelling is a custom home or the dwelling is built as part of a tract or a multi-dwelling development;
>
> \*       \*       \*
>
> The following exclusion is added to paragraph **2.**, Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by your or on your behalf or whether the operations are conducted for yourself or for others.

  \*   \*   \*   [T]his exclusion applies regardless of where such operations are conducted by your or on your behalf.    \*   \*   \*

4.11 Johnson alleges that his "bodily injury" arises out of Martin's work and/or ongoing operations.

4.12 Martin's work and/or ongoing operations involved new construction of a dwelling and/or multi-dwelling development.

4.13 The Subject Policy affords no coverage for Johnson's claims for "bodily injury" pursuant to the Designated Work exclusion.

4.14 The Subject Policy affords no coverage for Johnson's claims for "bodily injury" pursuant to the Designated Ongoing Operations exclusion.

4.15 The Subject Policy obligated Martin's to comply with the following conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

 \*   \*   \*

**2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**

 **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

  **(1)** How, when and where the "occurrence" or offense took place;

  **(2)** The names and addresses of any injured persons and witnesses; and

  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

        **b.** If a claim is made or "suit" is brought against any insured, you must:

           **(1)** Immediately record the specifics of the claim or "sit" and the date received; and

           **(2)** Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit as soon as practicable.

        **c.** You and any other involved insured must:

           **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

           **(2)** Authorize us to obtain records and other information;

           **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

           **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

        **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

4.16   Johnson filed his complaint in the Underlying Lawsuit on or about July 7, 2019.

4.17   On or about March 3, 2020, Johnson filed an amended complaint, which named Martin's as a defendant in the Underlying Lawsuit.

4.18   On or about March 11, 2020, Martin's was served with copies of Johnson's Summons, Amended Complaint, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule.

4.19    Martin's failed to timely appear or answer Johnson's Amended Complaint in the Underlying Lawsuit.

4.20    On or about June 12, 2020, Johnson filed a Motion for Default with respect to Martin's failure to appear and/or answer Johnson's Amended Complaint in the Underlying Lawsuit.

4.21    On or about June 25, 2020, Judge Douglass North of King County Superior Court entered an Order of Default against Martin's in the Underlying Lawsuit.

4.22    On or about February 17, 2021, an employee of Martin's notified SNIC of Johnson's claims against Martin's in the Underlying Lawsuit.

4.23    Prior to February 17, 2021, SNIC had no notice or knowledge of the Underlying Lawsuit or Johnson's claims therein.

4.24    Because Martin's failed to notify SNIC "as soon as practicable" of Johnson's alleged bodily injury at the Project, it breached the conditions quoted above in the Subject Policy.

4.25    Because Martin's failed to notify SNIC "as soon as practicable" of the Underlying Lawsuit, it breached the conditions quoted above in the Subject Policy.

4.26    Because Martin's failed to "immediately" send SNIC copies of "any demands, notices, summonses or legal papers received in connection with the" Underlying Lawsuit, it breached the conditions quoted above in the Subject Policy.

4.27    As a result of Martin's' breach of the Subject Policy conditions, SNIC has suffered actual and substantial prejudice.

## V. CLAIMS FOR DECLARATORY JUDGMENT

5.1    SNIC incorporates paragraphs 1.1 through 4.27 by reference.

5.2    A genuine controversy exists between SNIC, Martin's, and Johnson concerning the coverage provided under the Subject Policy, if any.

5.3 Based on the four corners of the pleadings in the Underlying Lawsuit, the terms and conditions of the Subject Policy, and evidence extrinsic to the operative pleadings in the Underlying Lawsuit as permitted by Washington law, the Subject Policy affords no coverage for Johnson's claims or damages alleged in the Underlying Lawsuit against Martin's.

5.4 SNIC seeks a declaration from the Court that it has no duty under the Subject Policy to defend Martin's in the Underlying Lawsuit.

5.5 SNIC seeks a declaration that it has no duty under the Subject Policy to indemnify or make payment for the damages sought in the Underlying Lawsuit.

## VI. **RESERVATION OF RIGHTS**

6.1 SNIC reserves its right to assert the applicability of other terms, conditions, limitations, and exclusions to coverage under the Subject Policy as facts related to those coverage defenses develop.

## VII. **PRAYER FOR RELIEF**

SNIC requests the following relief:

7.1 Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that SNIC has no duty to defend or indemnify Martin's in the Underlying Lawsuit;

7.2 Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that SNIC may withdraw the defense currently being provided to Martin's in the Underlying Lawsuit; and

7.3 Such other and further relief as the Court deems just and appropriate.

//

//

COMPLAINT FOR DECLARATORY JUDGMENT NO.:

PAGE 9

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

1 | DATED: March 24, 2021

BULLIVANT HOUSER BAILEY PC

By  */s/ Michael A. Guadagno*
    Michael A. Guadagno, WSBA #34633
    E-mail:  michael.guadagno@bullivant.com

Attorneys for Security National Insurance Company

4816-6511-2546.1